## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

**JOSEPH SHERECK,**
704 W. Burbank Avenue
Janesville, WI 53546

       Plaintiff,

       vs.

**CLARKE ELETRIC, INC.,**
Registered Agent:
William L. Clarke, Jr.
9108 W. Mineral Point Road
Janesville, WI 53548

       and

**WILLIAM L. CLARKE, JR.,**
9108 W. Mineral Point Road
Janesville, WI 53548

       Defendants.

Case No.    26-cv-244

---

## COMPLAINT

---

The Plaintiff, Joseph Shereck, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

### INTRODUCTION

1. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. (ERISA). Plaintiff seeks judgment against Defendants for an amount equal to the unremitted employee and employer contributions plus interest, appropriate equitable relief, and statutory penalties

arising from Defendants' (1) violation of ERISA's anti-inurement provision; (2) failure to discharge fiduciary duties solely in the interest of Plaintiff, a plan participant; (3) engaging in an ERISA prohibited transaction; and (4) failure to provide plan documents upon request as required by ERISA.

## PARTIES

2.     Plaintiff, Joseph Shereck, is an adult resident of the State of Wisconsin and currently resides in Janesville, Wisconsin.

3.     Plaintiff formerly worked for Defendant, Clarke Electric, Inc. ("Clarke Electric" or "the Company").

4.     Clarke Electric is an electrical contracting company that provides electrical services to clients in south-central Wisconsin.

5.     Defendant, William L. Clarke, Jr. (Clarke), is the principal owner of Clarke Electric, Inc., and currently resides in Janesville, Wisconsin.

6.     Upon information and belief, Clarke Electric is the Plan Sponsor and Plan Administrator within the meaning of 29 U.S.C. § 1002(16)(A)(i) of a SIMPLE IRA plan (the Plan)—an "employee pension benefit plan" within the meaning of 29 U.S.C. § 1002(2)(A).

7.     Clarke is a fiduciary of the Plan within the meaning of 29 U.S.C. § 1002(21)(a) and 29 U.S.C. § 1102(a).

## JURISDICTION

8.     Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

9.      Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this district and because, in substantial part, the breaches asserted herein took place in this district.

## FACTS

### A. Plaintiff's Employment with Clarke Electric

10.      Plaintiff began working for Clarke Electric as an electrician in or around 2002.

11.      During the course of his employment, Plaintiff was paid on an hourly basis.

12.      During the course of Plaintiff's employment, he became eligible to participate in the Plan and was a "participant" of the Plan within the meaning of 29 U.S.C. § 1002(7).

13.      Plaintiff held the position of electrician until May 2024, when he resigned from his position with the Company.

### B. Plaintiff's Participation in the Simple IRA Plan

14.      The Company established a SIMPLE IRA Plan, which has been in effect since at least 2005 and which permitted employee-participants to contribute a portion of their earnings to the Plan through payroll deductions.

15.      During most of Plaintiff's employment with the Company,[1]  he elected to contribute three percent of his earnings to his SIMPLE IRA.

---

[1] Plaintiff recollects that he suspended his contributions to the Plan for a brief period of time while he was going through divorce proceedings, but restarted contributions thereafter.

3

16.    The Plan required the Company to contribute to Plaintiff's SIMPLE IRA an amount that matched Plaintiff's contributions.

17.    At all times relevant to the Complaint, Clarke was responsible for the management and administration of the Plan, including the processing of payroll deductions.

18.    At all times relevant to the Complaint, Clarke was responsible for remitting withheld contributions to the Plan.

19.    In or around January 2024, Plaintiff discovered that Clarke had ceased depositing Plaintiff's withheld contributions into his SIMPLE IRA account and had ceased making the requisite matching contribution.

20.    Although Clarke had ceased remitting contributions to the Plan on Plaintiff's behalf, Plaintiff's wage statements continued to show that Defendants withheld Plaintiff's three percent contributions from his paycheck throughout his employment.

21.    Based on these wage statements, Plaintiff trusted that his contributions were being remitted to his SIMPLE IRA account and that the Company was making matching contributions.

22.    Upon information and belief, Clarke used Plaintiff's unremitted contributions for his own benefit.

## C. Communications Regarding Plaintiff's SIMPLE IRA Benefits

23.    On or around January 8, 2024, Plaintiff discovered Defendants had failed to remit the employer and employee contributions into his SIMPLE IRA.

24.    Upon this discovery, Plaintiff contacted Clarke to inquire about the lack of contributions to his SMIPLE IRA; Clarke acknowledged there was an issue and promised to fix it.

25.    Clarke failed to fix the issue or otherwise follow up with Plaintiff regarding the issue.

26.    Accordingly, Plaintiff followed up again in December 2025; Clarke again promised to resolve the issue, but failed to do so.

27.    As of the date of this filing, Defendants have failed to make the required contributions to Plaintiff's SIMPLE IRA and have failed to offer a reasonable explanation for its noncompliance with the Plan's terms.

28.    Based on information and belief, the Company has also failed to make the required contributions on behalf of other employees.

29.    Both Plaintiff and the Plan have suffered losses, including lost interest, from unremitted employee and employer contributions.

## D. Plaintiff's Requests for the Plan Document

30.    On January 14, 2026, Plaintiff, through counsel, sent a letter to Clarke Electric by certified mail requesting Plaintiff's payroll records and "any and all Plan Documents and Summary Plan descriptions related to Clarke Electrical's [sic] Retirement and IRA plans."

31.     On January 26, 2026, Grant Wilson, Accountant for Clarke Electric, sent an email to Plaintiff's counsel, stating: "[Clarke] wants to resolve the matter quickly, and get the money into [Plaintiff]'s account as soon as possible, so there is no resistance in that regard. I am requesting a little more time to get everything together that you have requested. If you can give us until February 2nd, I would sure appreciate it."

32.     Plaintiff responded that Defendant's proposed timeline for resolution was acceptable.

33.     Having received no response or follow-up by February 2, the date upon which Defendant told Plaintiff that it would resolve the issue, Plaintiff's counsel followed up with Mr. Wilson by email on February 3, 2026, but received no response.

34.     Plaintiff's counsel emailed Mr. Wilson again to request updates on February 6, 2026, February 11, 2026, and February 18, 2026, and received no responses.

35.     As of the date of filing this complaint, more than 68 days have passed since Plaintiff sent a written request to Defendants for the Plan Document, and yet Defendants have failed to provide Plaintiff with the same, and have further failed to make any additional contributions into Plaintiff's account, as promised.

**COUNT I**
**Violation of Anti-Inurement Provision**
**(29 U.S.C. § 1103(c)(1))**

36.     The preceding paragraphs are reincorporated by reference as though fully set forth herein.

37.     29 U.S.C. § 1103(c)(1) provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."

38.     Defendants failed to remit required employee and employer contributions to the Plan.

39.     Defendants commingled employee contributions with the general assets of the Company, which, upon information and belief, were used to benefit the Company and Clarke personally.

40.     The withheld and unremitted employee contributions and matching employer contributions represented Plan assets within the meaning of 29 U.S.C. § 1103(a).

41.     Defendants failed to hold Plan assets for the exclusive purposes of providing benefits to Plan participants.

42.     As a result of Defendants' conduct, the Plan suffered losses.

**COUNT II**
**Breach of Fiduciary Duty by Defendant Clarke**
**(29 U.S.C. § 1104(a); 29 U.S.C. § 1106(b))**

43.     The preceding paragraphs are reincorporated by reference as though fully set forth herein.

44.     29 U.S.C. §§ 1104(a)(1)(A) and (B) provide that:

> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
> (A) for the exclusive purpose of:

> (i)   providing benefits to participants and their beneficiaries; and
>
> (ii)  defraying reasonable expenses of administering the plan; [and]
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

45.   While Clarke was acting as fiduciary, the Plan suffered significant loss as a result of Clarke's unlawful commingling of Plan assets and the Company's general assets.

46.   Clarke failed to discharge his duties in the interest of the Plan Participants and failed to discharge his duties with the care, skill, prudence, and diligence of a prudent individual.

47.   29 U.S.C. § 1106(b) provides that a fiduciary shall not deal with the assets of the plan in his own interest or for his own account.

48.   Clarke failed to remit required employer and employee contributions to the Plan participants in violation of the terms of the Plan, while allocating contributions to himself in order to further his own financial gain.

49.   Fiduciaries breach their duties where they fail to provide complete and accurate information in response to employee-initiated inquiries about their benefits.

50.   Clarke failed to provide complete and accurate information in response to Plaintiff's inquiries about his benefits.

51.     Clarke violated his fiduciary duties under 29 U.S.C. § 1104(a) and 29 U.S.C. § 1106(b), causing Plaintiff to suffer a loss of benefits to which he was entitled under the Plan.

## COUNT III
### Engage in a Prohibited Transaction
### (29 U.S.C. § 1106(a)(1)(D))

52.     29 U.S.C. §1106(a)(1)(D) prohibits a fiduciary from causing a plan to engage in a transaction if he knew or should know that such transaction constitutes a direct or indirect… transfer to, or use by, or for the benefit of a party in interest, of any assets of the Plan.

53.     Clarke is a Plan fiduciary and a party in interest.

54.     Clarke knowingly commingled Plan assets with the Company's general assets.

55.     Because Clarke was responsible for the management of the Plan, he "caused" the commingling of the Plan assets with the Company's general assets.

56.     The use of Plan assets was for the benefit of the Company and/or Clarke.

## COUNT IV
### Failure to Provide ERISA Plan Documents in a Timely Manner
### (29 U.S.C. § 1132(a)(1)(B))

57.     The preceding paragraphs are reincorporated by reference as though fully set forth herein.

58.     ERISA Section 502(c), 29 U.S.C. § 1132(c) provides:

> Any administrator ... who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from

9

matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper....

59. Under 29 C.F.R § 2575.502c-1, the $100 per day liability referenced in 29 U.S.C. § 1132(c) was increased to $110 for violations after July 29, 1997.

60. Clarke Electric did not provide the information required under ERISA § 502 to Plaintiff within thirty days of Plaintiff's request, thereby violating that provision and causing Plaintiff harm.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment from Defendants for the following:

A. An Order requiring Defendants to restore all losses that Plaintiff's SIMPLE IRA has incurred as a result of their violations of ERISA in an amount equal to the unremitted employee contributions and matching employer contributions, plus lost interest;

B. A declaration that Defendants violated: 29 U.S.C. § 1103(c)(1); 29 U.S.C. § 1104(a); 29 U.S.C. § 1106(b); 29 U.S.C. § 1106(a)(1)(D); and 29 U.S.C. § 1132(a)(1)(B);

C. An award of statutory penalties as provided for in 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1;

D. Prejudgment interest;

E. Reasonable attorney fees and costs related to this action; and

F. Such other relief that the Court deems just and equitable.

Dated: March 23, 2026

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Joseph Shereck*

By: */s/ Jessa L. Victor*
  Jessa L. Victor, State Bar No. 1099144
  Email: jvictor@hq-law.com
  John M. Chick, State Bar No. 1126590
  Email: jchick@hq-law.com
  409 East Main Street
  P.O. Box 2155
  Madison, Wisconsin 53701-2155
  Telephone: 608/257-0040
  Facsimile: 608/256-0236